FILED

2019 APR 30  PM 4: 03

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STUART WINSOR,

        Plaintiff,

v.

        CASE NO.: 6:19-CV-819-ORL-41-GJK

LOWE'S HOME CENTERS, LLC,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), Defendant Lowe's Home Centers, LLC ("Lowe's"), files this Notice to remove the above-styled action from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida to the United States District Court for the Middle District of Florida, on the following grounds:

1.    <u>Plaintiff:</u>  Plaintiff Stuart Winsor ("Plaintiff") is a resident of the State of Florida. (Exhibit A, Compl. ¶ 4.)  Plaintiff instituted this action by filing his Complaint with the above-referenced state court.  Plaintiff's Complaint, entitled *Stuart Winsor v. Lowe's Home Centers, LLC*, Case No. 2019-10573-CIDL, was filed with the state court on March 27, 2019.

2.    <u>Nature of the Action:</u> This is a civil action involving allegations of discrimination on the basis of religion and disability in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA").  As recited in the Complaint, Plaintiff is seeking "all damages recoverable under the Florida Civil Rights Act of 1992," (*Id.*), which

includes back pay, front pay, compensatory damages, punitive damages, costs, and reasonable attorneys' fees. Fla. Stat. § 760.11(5).

3.     Amount in Controversy: Plaintiff seeks an unspecified amount of damages; however, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. In determining the amount in controversy for purposes of establishing jurisdiction, this Court may consider Plaintiff's claimed damages under the FCRA, including back pay, front pay, compensatory damages, punitive damages, costs, and reasonable attorney's fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

As described below, and though Lowe's denies that Plaintiff is entitled to any relief, Plaintiff's estimated back pay, front pay, and compensatory damages together amount to between $85,477.87 and $110,477.87 (without taking into consideration punitive damages, costs, and reasonable attorney's fees), which is well above the $75,000 threshold.

a.     Back Pay: On January 2, 2018, Plaintiff resigned from Lowe's. (Exhibit B, Declaration of Grace Ridley ¶ 6). At the time of Plaintiff's resignation, Plaintiff was an hourly employee, and his average gross weekly wages were $465.19.[1] (*Id.* at ¶ 7). Sixteen months separate the date of Plaintiff's resignation, January 2, 2018, and the filing of this removal notice. Further, it is reasonable to add an additional twelve months based conservatively on a trial date that is at least one year out. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000) (calculating back pay from the date of termination

---

[1] Plaintiff was compensated on an hourly basis. He earned $10.77 per hour (and earned overtime for hours worked over 40 in a work week at his time-and-a-half rate of $16.15). Plaintiff typically worked at least 40 hours per work week and worked overtime during several of those work weeks. Plaintiff's average gross weekly wages were approximately $465.19, which is based on his total wages divided by 6 work weeks. Note, this calculation excludes his first work week in which he worked a partial work week.

to the date of trial); *see also* M.D. Fla. L.R. 3.05(c)(2)(E) (providing that cases should be completed in two years, and most in one year). Back pay, then, equals Plaintiff's hourly wages for at twenty-eight months (or 121 weeks). Thus, Plaintiff's back pay from the date of his resignation through a reasonable proposed trial date is $56,287.99 (121 weeks x $465.19/week).[2]

     b.   Front Pay:  If this Court were to calculate a potential award for front pay for one year in the amount of Plaintiff's hourly wage when last employed by Lowe's, Plaintiff's award for front pay would total approximately $24,189.88 (e.g., 52 weeks x $465.19/week).

     c.   Compensatory Damages:  This Court may consider the compensatory damages sought by Plaintiff when determining jurisdiction. *See Holley Equip. Co.*, 821 F.2d at 1535; *Awad v. Cici Enter.*, 8:06-CV-1278-T-24TBM, 2006 WL 2850108, at *1 (M.D. Fla. Oct. 3, 2006).  When calculating damages for emotional distress in cases like this, where the plaintiff alleges general distress without medical or psychological evidence of emotional pain and suffering (i.e., "garden variety" cases), courts typically will award damages in the range of $5,000 to $30,000. *City of Delray Beach v. DeSisto*, 197 So. 3d 1206, 1210 (Fla. 4th DCA 2016).

     d.   Punitive Damages:  The FCRA allows prevailing plaintiffs to recover a maximum amount of $100,000.00 in punitive damages. Fla. Stat. 760.11(5).  The Eleventh Circuit has held that courts must consider punitive damages when determining whether a

---

[2] Lowe's neither admits that Plaintiff suffered any damages, nor adopts any particular measure of claimed damages. Lowe's submits the statements herein and the supporting Declaration of Grace Ridley in order to demonstrate the *potential* amount in controversy for removal purposes only.

lawsuit can satisfy the amount in controversy requirement. *Holley Equip. Co.*, 821 F.2d at 1535; *see also Rae v. Perry*, 392 F. Appx. 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.").

   e. Attorney's Fees: Moreover, it is well settled in the Eleventh Circuit that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison*, 228 F.3d at 1265. Because the FCRA allows the recovery of reasonable attorney's fees, such fees are included in the amount in controversy calculation. *See* Fla. Stat. 760.11(5).

   4. Defendant: Lowe's is a corporation that is organized under the laws of North Carolina with its principal place of business in North Carolina, and that conducts business in Volusia County, Florida. (Exhibit B, Declaration of Grace Ridley ¶¶ 3, 4).

   5. Timing of Notice of Removal: Plaintiff served Lowe's with a summons and a copy of the Complaint on April 1, 2019, on which date Lowe's first received notice that this action was removable. Pursuant to 28 U.S.C. § 1446(b), Lowe's files this Notice of Removal within 30 days of the date on which it received Plaintiff's Complaint and a summons in this case.

   6. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity), because Plaintiff is a citizen of the State of Florida, Lowe's is a North Carolina corporation having its principal place of business in North Carolina, and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See, e.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

7.     Venue: As stated in the Complaint, the events giving rise to Plaintiff's claims allegedly arose in Volusia County, Florida. (Exhibit A, Compl. ¶ 5.)  Therefore, pursuant to 28 U.S.C. § 1391 and Local Rule 3.4(d), venue is proper in the Orlando Division of the United States District Court for the Middle District of Florida.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Lowe's are attached to this Notice as Composite Exhibit C.

Date:  April 29, 2019.


/s/ Reed L. Russell
Reed L. Russell
 Florida Bar No.: 0184860
Matthew S. Perez
 Florida Bar. No.: 0125572
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)
reed.russell@phelps.com
matthew.perez@phelps.com

Attorneys for Defendant Lowe's Home Centers, LLC

PD.25985620.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2019, a true and correct copy of the foregoing

was served via regular U.S. Mail to the following:

David M. Cozad, Esq.
Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
david@levylevylaw.com
assistant@levylevylaw.com

Attorney for Plaintiff

/s/ Reed L. Russell
Attorney

PD.25985620.1